UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **HENRY WILLIAMS GOSHA,** | ) |
| **Petitioner,** | ) |
| v. | ) Case No. 2:22-cv-00060-RDP-JHE |
| **WARDEN WILLIAMS, et al.,** | ) |
| **Respondents.** | ) |

## MEMORANDUM OPINION

Plaintiff Henry Williams Gosha filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for intentional murder in the Circuit Court of Jefferson County, Alabama. (Doc. 1). On January 30, 2023, the Magistrate Judge entered a Report and Recommendation recommending Respondents' motion for summary dismissal be granted, and Gosha's petition for a writ of habeas corpus be dismissed with prejudice. (Doc. 10). On February 23, 2023, Gosha filed objections to the Report and Recommendation. (Doc. 13).

First, Gosha objects to the Magistrate Judge's Report that Gosha's assertion that the jury was not properly sworn does not state a cognizable claim because it fails to present a federal question. (Doc. 13 at 1-4). Gosha cites to the Fifth, Sixth, and Fourteenth Amendments in support of his claim (Doc. 13 at 3), but any claim that the jury was duly sworn involves "a matter of state law and is not cognizable on federal habeas corpus review." *Dixon v. Giles*, No. 1:11-cv-1112-WHA, 2015 WL 277206, at *6 (M.D. Ala. Jan. 22, 2015) (citing *Allison v. McNeil*, No. 8:05-cv-1356-T-27TGW, 2008 WL 1924281, at *12 (M.D. Fla. May 1, 2008) (finding whether prospective jurors were properly sworn to be a question of state law); *McLeod v. Graham*, No. 10-cv-3778(BMC), 2010 WL 5125317, at *6 (E.D.N.Y. Dec. 9, 2010) (finding federal habeas court could

not review jury truthfulness oath as it was "solely a state issue"); *Gaskin v. Graham,* No. 08-cv-1124 (JFB), 2009 WL 5214498, at *27 n. 9 (W.D.N.Y. Dec. 30, 2009) (same); *Pinkney v. Senkowski*, No. 03-cv-4820(LTS)(MHD), 2006 WL 3208595, at *6 (S.D.N.Y. Nov. 3, 2006) (same)).

Gosha next points to a decision of the Sixth Circuit, *United States v. Martin*, 740 F.2d 1352, 1358-59 (6th Cir. 1984), which held that a criminal defendant has a constitutional right to have a jury receive an oath in the defendant's presence. (Doc. 13 at 3). As an initial matter, *Martin* involved federal criminal proceedings, not state criminal proceedings. *Id*. at 1355. Therefore, the Sixth Circuit did not address (nor did it have the occasion to address) any question of state law concerning the swearing in of jurors. Additionally, while the Sixth Circuit did not approve of the federal district court's practice of swearing in members of the jury panel "en masse," rather than "following voir dire for each particular case," the court concluded that the defendants' constitutional rights were not violated because the jurors were all sworn by the chief deputy clerk before the presentation of evidence and "each juror swore before trial to try all criminal cases well and truly according to the laws of the United States." *Id*. at 1358. Therefore, Gosha's reliance on *Martin* is misplaced and does not support his conclusion that he is entitled to relief.[1] Accordingly, Gosha's objection on this ground is **OVERRULED**.

Furthermore, as the Magistrate Judge explained, under Alabama law, absent a proper objection to the trial court, a minute entry or order indicating that the jury was sworn is presumed to be correct and is sufficient to show the jury was properly sworn. *See Armstead v. State*, 329 So.

---

[1] Moreover, the Eleventh Circuit has held that, even assuming without deciding, juries in the federal court system are required to be sworn in, the "mere absence of an affirmative statement in the record . . . is not enough to establish that the jury was not in fact sworn." *U.S. v. Pinero*, 948 F.2d 698, 700 (11th Cir. 1991). In this case, the Alabama Court of Criminal Appeals held that Gosha's claim was refuted by the record because the trial court entered an order noting that the jury was sworn. (Doc. 6-25 at 2-3). Thus, even if Gosha could somehow extend *Pinero* to his state criminal proceedings, his claim would be without merit.

2d 150, 151-52 (Ala. Crim. App. 1976).  Even if this court could consider Gosha's claim, he has not alleged that he made an objection at trial regarding the swearing in of the jury.  And, in his objections to the Report and Recommendation, Gosha does not dispute that he failed to object at trial regarding the swearing in of jurors; rather, he merely argues that the State did not raise any point about his lack of objection.  (Doc. 13 at 4).  Gosha is the party who bears the burden here.  *See* 28 U.S.C. § 2254(e)(1).  Because Gosha has not carried his burden to establish that he objected at trial to the swearing in of the jury, his objection on this ground is **OVERRULED**.

Next, Gosha objects to the Magistrate Judge's report that his *Brady*[2] claim is without merit. (Doc. 13 at 4-5).  Gosha asserts that the State withheld evidence concerning a white powder substance observed on one of the bullets found at the scene of the crime.  (Doc. 13 at 4-5).  To establish a claim under *Brady*, a party must show: "'(1) suppression by the prosecution (2) of exculpatory evidence (3) material to the issues at trial or sentencing.'"  *Johnson v. Alabama*, 256 F.3d 1156, 1189 (11th Cir. 2001) (quoting *Kennedy v. Herring*, 54 F.3d 678, 682 (11th Cir. 1995)). To establish materiality, the party must demonstrate actual prejudice.  *Id*.

The Alabama Court of Criminal Appeals ("ACCA") held that the presence of a white powder substance on one of the bullets was not exculpatory or material to any potential defense. (Doc. 6-25 at 6-7).  The Magistrate Judge concluded that the ACCA's determinations were not "contrary to" or an "unreasonable application of" *Brady*, or an "unreasonable determination of the facts in light of the evidence presented in the State court."  (Doc. 10 at 11-12) (quoting 28 U.S.C. § 2254(d)). While Gosha asserts in his objections that he was prejudiced by this alleged suppression of evidence (Doc. 13 at 5), he fails to explain how and also has not shown the ACCA's

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

3

determination can be challenged under the relevant AEDPA standard. Accordingly, Gosha's objection on this ground is **OVERRULED**.

After careful consideration of the record in this case and the Magistrate Judge's Report and Recommendation, the court **ADOPTS** the Report and **ACCEPTS** the Recommendation. Consistent with that recommendation, the court finds that Respondents' motion for summary dismissal is due to be granted and the petition for a writ of habeas corpus (Doc. 1) is due to be dismissed with prejudice. A final judgment will be entered.

This court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). The court finds Gosha's claims do not satisfy either standard.

**DONE** and **ORDERED** this March 3, 2023.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE